IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY ROSS, | )<br>)<br>) |
| Plaintiff | ) Civil Action No. 07-1022<br>) |
| vs. | )<br>) Magistrate Judge Amy Reynolds Hay |
| HUGH P. McELHENNEY, Esq., | )<br>) |
| Defendant | ) |

# **OPINION**[1]

HAY, Magistrate Judge

Anthony Ross, ("Plaintiff") is currently incarcerated at SCI-Greene. Proceeding pro se and as a pauper, Plaintiff seeks to sue his attorney who represented him in criminal proceedings. Plaintiff alleges in his complaint that the date of the events complained about occurred on or around October 20, 2006 in Delaware County. Dkt. [3] at p. 3, ¶ IV.A. The sum total of Plaintiff's factual averments is that

> Mr. Hugh P. McElhenney, Esq., attorney at law was ordered to file [an] appealant [sic] brief on September 27, 2006. Mr. Hugh P. McElhenney negligently failed to file appealant [sic] brief and as a result I was stript [sic] of my appeal rights and inter alia[,] pain and suffering from this act. I requested by letter to him for legal material at which he refuse[d] to send me, further conselling [sic] the fact of his negligence.

Dkt. [3] at p. 3 ¶ IV.C. Plaintiff claims that the foregoing actions violated his Sixth and Fourteenth Amendment rights.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the Plaintiff consented to have a United States magistrate judge conduct all proceedings in this case, including the entry of a final judgment. Dkt. [7].

Although Plaintiff's complaint does not specifically reference Section 1983 of the Civil Rights Act, a liberal reading of the complaint requires the court to infer that Plaintiff is making his claim under the Civil Rights Act of 1871, codified at 42 U.S.C. § 1983 ("Section 1983"). Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001)("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983."); Pauk v. Board of Trustees of City University of New York, 654 F.2d 856 (2d Cir 1981)(where a federal statute governing civil action for deprivation of rights provides a remedy, i.e., 42 U.S.C. § 1983, an implied cause of action grounded on Constitution is not available), overruling on other grounds as recognized in, Brandman v. North Shore Guidance Center, 636 F.Supp. 877, 879 (E.D.N.Y. 1986).

*Standard of Review*

In the PLRA, Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of oftentimes frivolous and harassing law suits brought by persons in custody. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). The PLRA significantly amended the statutory provisions with respect to actions brought by prisoners who are proceeding *in forma pauperis* ("IFP"). The amended version of the statute now reads that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue;  or  (B) the action or appeal– (i) is frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or  (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Here, Plaintiff has been granted IFP status, and is a

prisoner within the meaning of 28 U.S.C. § 1915.[2]  Thus, Section 1915(e)(2) is applicable herein. Moreover, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e).  See, e.g., Keener v. Pennsylvania Board of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

In performing a court's mandated function of sua sponte reviewing complaints under 28 U.S.C. § 1915(e) to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See, e.g., Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va.) ("Under  28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted.'  This is the familiar standard for a motion to dismiss under  Fed.R.Civ.P. 12(b)(6)."), aff'd, 116 F.3d 473 (Table) (4th Cir. 1997).

---

[2]  The term "prisoner" as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

In reviewing complaints as mandated by 28 U.S.C. § 1915(e) and, consequently, utilizing the standards for a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the Plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true.  See  Estelle v. Gamble, 429 U.S. 97 (1976).  However, the court need not accept as true any legal averments or conclusions contained in the complaint.  Papasan v. Allain, 478 U.S. 265, 286 (1986)("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."); Labovitz v. Washington Times Corp., 172 F.3d 897, 898 (D.C. Cir. 1999)(the court "need not accept purely legal conclusions masquerading as factual allegations.")(some internal quotations omitted).  Neither does the court have to accept as true anything in the complaint which contradicts facts of which the court may take judicial notice.  See, e.g., Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)(In ruling on a motion to dismiss, "[t]he court need not, however, accept as true allegations that contradict matters properly subject to judicial notice. . . .").

Dismissal is proper under Rule 12(b)(6) where the court determines that the facts alleged, which are not contradicted by facts of which judicial notice may be had, taken as true and viewed in a light most favorable to the plaintiff, fail to state a claim as a matter of law.  See, e.g., Gould Electronics, Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney.  Haines v. Kerner, 404 U.S. 519 (1972).

4

*Discussion*

In order to state a claim under 42 U.S.C. § 1983, the complaint must reveal that (1) the challenged conduct was committed by a person acting under color of state law and (2) that the conduct infringed on Plaintiff's federal rights. See Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).  The court takes judicial notice of the dockets of the Delaware County Court of Common Pleas which reveal that in the criminal case of Commonwealth v. Anthony Ross, CP-23-CR-0005393-2005 (Del.County CCP), Hugh P. McElhenney, is the attorney who represented Plaintiff.[3]   That docket further reveals that the Delaware County Court of Common Pleas received on November 28, 2006 an order from the Superior Court that was dated October 20, 2006, which dismissed Plaintiff's appeal due to counsel having failed to file a brief for appellant.

Plaintiff's complaints against the Defendant fail to state a claim because the acts of an attorney in representing or in failing to represent a client are not acts committed under color of state law as is required to state a claim under Section 1983.  See, e.g., Polk County v. Dodson, 454 U.S. 312 (1981); Henderson v. Fisher, 631 F.2d 1115, 1119 (3d Cir. 1980).   Furthermore, it is irrelevant to this analysis whether Defendant McElhenney is a public defender, a court appointed attorney or a privately retained attorney.  See, e.g.,  Ward v. Ghee, 8 F.3d 823 (Table), 1993 WL 410357, at *1 (4th Cir. 1993)("Defense attorneys do not act 'under color of' state law and are, therefore, not amenable to suit under § 1983, whether privately retained,  Deas v. Potts,

---

[3] The Docket of the case is available at:

http://ujsportal.pacourts.us/PublicReporting/PublicReporting.aspx?rt=1&&ct=4&dkt=70801211&arch=0&ST=8/1/2007%203:58:06%20PM

547 F.2d 800 (4th Cir. 1976), appointed by the state, Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980), cert. denied, 454 U.S. 1141 (1982), or employed as public defenders, Polk County v. Dodson, 454 U.S. 312, 325 (1981)."); Harkins v. Eldredge, 505 F.2d 802, 803 (8lth Cir. 1974)("The conduct of counsel, either retained or appointed, in representing clients does not constitute action under color of state law for purposes of a § 1983 violation.").

      Accordingly, the complaint must be dismissed pre-service pursuant to the PLRA because it fails to state a claim upon which relief can be granted.  An appropriate Order follows.

                                                /s/ *Amy Reynolds Hay*
                                                United States Magistrate Judge

Dated: September 13, 2007

cc:    Anthony Ross
        GT-4359
        SCI Greene
        175 Progress Drive
        Waynesburg, PA 15370